### Jack Jones v. The State.

#### No. 4466. Decided May 2, 1917.

**1.—Local Option—Evidence—Conspiracy—Fabricated Testimony.**

Where, upon trial of a violation of the local option law, it was defendant's theory that the main State's witnesses entered into a conspiracy to testify against the defendant, when the county attorney offered to them a proposition to exonerate them from punishment, if they would inform against those from whom they obtained the whisky, and further alleging that their testimony was fabricated, and while this was a good defense and such testimony should have been admitted, yet the bill of exceptions was hardly sufficient to entitle the defendant to this evidence.

**2.—Same—Continuance—Alibi—Practice on Appeal—Subsequent Application.**

Where defendant's application for a continuance, on account of the absent testimony to prove an alibi, did not show whether it was the first or second appli-

cation, the same was not reversible error to overrule the same, although the testimony was material.

### 3.—Same—Postponement—Materiality of Testimony—Alibi.

Where, upon trial of a violation of the local option law, defendant's defense was an alibi, and there was a sharp conflict in the testimony, the defendant should have been granted a postponement to secure his witnesses, who had absented themselves from the trial, although duly summoned, without the consent or connivance of the defendant, and whose attendance could have been secured by postponement of the trial for an hour or two, and the contention of the State that there was a conflict as to the matters set up in the application for continuance, and that for postponement was too technical, and the refusal of said postponement was reversible error.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. J. F. Perritte.

Appeal from a conviction of a violation of the local option laws; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

*Harris & Harris* and *Arthur A. Seale,* for appellant.—On question of postponement and continuance: Simpson v. State, 47 Texas Crim. Rep., 578, 85 S. W. Rep., 16; Edgar v. State, 59 Texas Crim. Rep., 488, 129 S. W. Rep., 140; Engman v. State, 78 Texas Crim. Rep., 94, 180 S. W. Rep., 235.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of bill of exceptions taken to refusal to continuance: Massie v. State, 30 Texas Crim. App., 64; Attaway v. State, 31 Texas Crim. Rep., 475; Roma v. State, 55 id., 344.

On question of subsequent application for a continuance: Henderson v. State, 5 Texas Crim. App., 134; McKinney v. State, 8 id., 626; Fulkerson v. State, 57 Texas Crim. Rep., 80; Goode v. State, 57 id., 220.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being fixed at a fine of $25 and twenty days imprisonment in the county jail.

The State's theory, supported by its evidence, was to the effect that appellant sold whisky to Tom Turner along about noon of the 10th day of December, 1916. The State's evidence also is to the effect that Turner and others gave appellant money and he went off and got the whisky and brought it to them. Appellant's theory was that he did not directly or indirectly either sell or obtain any whisky for Turner, and offered evidence to prove an alibi as to the time of day relied upon by the State. His evidence, such as he had before the jury, was to the effect that he was working for a lumber company that day at the time indicated. Appellant's evidence was contradictory of any sale at the time and place, and a denial that he had any whisky at said time and place. His theory was, further, that Tom Turner and Ike Ayers, being

in jail, entered into an agreement with the county atorney that if he and Ayers would tell where they got the whisky he would not prosecute them. This eventuated in two charges, one for purchasing for Ayers and the other for Turner. He was acquitted in the Ayers case, and this trial seems to have immediately followed that trial. His theory further was that these parties entered into a conspiracy when the offer was made by the county attorney and other officials to exonerate them from punishment if they would inform against those from whom they obtained whisky, and that their testimony was fabricated and they testified to immune themselves by charging these transactions on appellant. This is a sufficient statement of the case.

While the bill of exceptions is not clear and full, yet it does state that they expected to prove by Turner this conspiracy to immune themselves from punishment for cases on which they were then in jail. The bill is hardly sufficient, simply alleging he expected to prove these matters as stated. Upon another trial the defendant should be permitted to prove, if he can do so, that such conspiracy was formed between Turner and Ayers for the purpose indicated as original evidence. If Turner should deny it, then it would form the subject of impeachment. As the bill is presented this matter is thus treated so that upon another trial, if properly brought before the court, he should have the benefit of this testimony.

Motion for continuance was made for the absence of certain witnesses by whom he expected to prove an alibi covering the time mentioned by Turner. This matter is not so presented technically as to be considered, because the application and the bill both fail to show whether it was the first or second application. The testimony was material, but if, however, it was the second application the statute was not complied with, though complied with as an application for the first continuance.

Another bill shows appellant was refused a postponement of the trial. It includes the names of those witnesses set out in the application for a continuance in a general way, but specifically a postponement was sought for the absence of Gentry, by whom he expected to prove that he was at the car shed or engine room working with and for him at the time indicated by Turner as the hour of the sale of the whisky to Turner. There are two other witnesses named also by whom he expected to prove important facts. This postponement should have been granted. The application shows the materiality of the testimony and the presence of these witnesses at the trial on Tuesday evening in accord with the process that had been served upon them. When defendant began offering his testimony Wednesday morning they had absented themselves. He asked that they be brought in so he could have the benefit of their testimony. The alleged residence of these witnesses was at the town of Mayotown, a little village twelve miles from Nacogdoches, where all these matters are said to have occurred. These witnesses were alleged to have been absent without the consent or connivance of the defendant.

Where important witnesses absent themselves without the knowledge or consent or connivance of the defendant, he is entitled to a postponement, and the application shows that the postponement would have caused but a short time, an hour or two, with the probability of securing the attendance of the witnesses.

The State contends in its brief that there is a conflict as to the matter set up in the application for continuance and that for postponement. It does not occur to the writer that this is correct. One of the witnesses mentioned in the continuance was named Crouch, a white man. Appellant, it seems, is a negro. By Crouch, as set out in the application for continuance, it was expected to be shown that appellant was working at the lumber yard or engine room or car shed of the lumber company under his supervision. It was expected to prove by Gentry in the postponement application that Gentry had appellant working with him in the engine room or car shed, or was working with him. The difference between these statements is too technical upon which to base a contradiction in the testimony. Both statements could have been true.

We are of opinion that the postponement should have been granted. For this error the judgment is reversed. The evidence was sharp in its conflict as to whether appellant did what Turner stated. Had the absent witnesses mentioned in the application for postponement been present, it might have been the turning point in favor of defendant. Under cases presenting themselves in this attitude it would be a difficult proposition to surmise as to what effect the absent testimony would have. If appellant was situated as his witnesses indicate and as those who are absent would show, then he was not guilty, but the jury convicted him.

The judgment is reversed and the cause remanded.

*Reversed and Remanded.*